IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL PLESKOVICH, MICHAEL
GILMORE, ET AL.,

         Plaintiffs,

v.

FORD MOTOR COMPANY,

         Defendant.

12cv0548
12cv0547
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: DEFENDANT'S MOTIONS TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) (DOC. NO. 5) AND PLAINTIFFS' MOTIONS TO STRIKE (DOC. NO. 8)

**I.     Introduction**

Presently before the Court are: (1) Defendant, Ford Motor Company's ("Ford's") Motions to Dismiss Counts II, III, and V of Plaintiffs, Barbara and Michael Pleskovich and Michael Gilmore's Complaints for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (2) Plaintiffs' Motions to Strike Defendant's Motions to Dismiss.[1]  After careful consideration of the Motions, briefs in support thereof, and responses, Plaintiffs' Motions to Strike (Doc. Nos. 8) will be DENIED and Defendant's Motions to Dismiss (Doc. Nos. 5) will be GRANTED.

---

[1] This Memorandum Order concerns the pending Motions to Dismiss in two related cases, 12-cv-0547 and 12-cv-0548, because both cases concern the same factual circumstances, allege the same five claims, and Defendant's Motions to Dismiss seek dismissal of 3 of Plaintiffs' 5 counts for the same reasons.

**II.     Statement Of The Facts**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage, the Court accepts all of the factual allegations in the Complaint as true and all reasonable inferences are drawn in Plaintiffs' Favor. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking the Plaintiffs' factual allegations as true soley for the purposes of this Memorandum Order, the facts of this case are as follows:

On or about May 16, 2010, in Washington County, Pennsylvania, Michael Craig Pleskovich (Plaintiffs' decedent in 12-cv-00548) was driving his 2000 Ford Ranger pick-up truck, which was manufactured and distributed by Defendant. Doc. No. 1-3, ¶¶ 3-4. Jenna Gilmore (Plaintiff's decedent in 12-cv-00547) was a passenger in the vehicle. Id. at ¶ 5. Decedent Pleskovich's truck collided with another vehicle and caused him and his passenger, decedent Gilmore, to be ejected. Id. at ¶ 6-11. Both of the Plaintiffs' decedents sustained fatal injuries. Id. at ¶ 12.

Plaintiffs allege the following causes of action against Defendant, in both 12-cv-00547 and 12-cv-00548) as a result of the accident: (1) strict liability; (2) breach of warranty of merchantability; (3) breach of warranty of fitness for a particular purpose; (4) negligence; and (5) breach of express warranty. Doc. No. 1-3, 9-24.

**III.    Motion to Dismiss Standard Of Review**

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it

rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, 550 U.S. 554 and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim."  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 662).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief."  "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations."  *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

The Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits.  *Twombly*, 550 U.S. at 563 n.8.  Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556.  Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will

survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed. App'x. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him to relief. *Twomley*, 550 U.S. at 563 n.8.

### IV.  Discussion

*A. Plaintiffs' Motions to Strike*

On May 11, 2012, Plaintiffs filed Motions to Strike Defendant's Motions to Dismiss in both 12-cv-00547 and 12-cv-00548. Doc. Nos. 8. Plaintiffs contend that Defendant's Motions to Dismiss must be striken because a Motion to Dismiss based upon the affirmative defense of statute of limitations is premature pursuant to Fed. R. Civ. P. 8(c)(1) and 12(b)(6). Id. Plaintiffs argue that the affirmative defense of statute of limitations is more appropriately raised in an Answer. Id. Defendant filed its response to Plaintiffs' Motions to Strike in both cases at Doc. Nos. 16-18.[2] The Complaint, on its face, raises factual allegations which demonstrate the applicability of Defendant's affirmative defense of statute of limitations. Doc. No. 1-3. The age of the vehicle involved in the 2010 crash, in this case a 2000 Ford Ranger pick-up truck, and the date of the accident are included in Plaintiffs' Complaints and as such, it is not premature or inappropriate to raise such a statute of limitations defense in a Motion to Dismiss. No discovery is necessary on this point. Therefore, IT IS HEREBY ORDERED that Plaintiffs' Motions to

---

[2] Defendant acknowledged in its Motions to Dismiss that Fed. R. Civ. P. 12(b)(6) does not generally provide for a motion to dismiss based upon statute of limitations, but cites case law that "an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *McCracken v. Ford*, 588 F. Supp. 2d 635 (E. D. Pa. 2008) *citing Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994).

Strike filed at Doc. No. 8 in both 12-cv-00647 and 12-cv-00548 are **DENIED**.  The Court now turns to the substantive claims of Defendant's Motions to Dismiss.

 B.  *Defendant's Motions to Dismiss*

In support of its Motions to Dismiss, Defendant contends that Counts II, III, and V, for breach of warranty of merchantability, breach of warranty of fitness for a particular purpose and breach of express warranty, respectively, are time barred by the applicable 4 year statute of limitations because, at the time of the accident, decedents' vehicle was 10 years old.

Pennsylvania's statutes of limitations apply to this federal case based upon diversity jurisdiction.  28 U.S. C. § 1332.  According to the applicable Pennsylvania statute, the statute of limitations period for breach of warranty claims is four years.  13 Pa. C. S. § 2725(a).  According to the Complaint, Plaintiffs' decedents were the driver of and passenger in a 2000 Ford pick-up truck at the time of the accident.  Doc. Nos. 1-3, ¶ 4.  The relevant accident occurred on May 16, 2010.  Id. at ¶ 3.  Therefore, Plaintiffs' claims in Counts II, III, and V are barred by the applicable 4 year statute of limitations and these counts must be dismissed.[3]

---

[3] Plaintiffs' reliance on *Martin v. Ford Motor Company*, 765 F.Supp. 2d 673 (E.D. Pa. 2011) is misplaced because the Plaintiff in *Martin*, pled in the Complaint that it was "unconscionable" for Ford to claim a time limitation on its warranty due to its knowledge of a vehicle defect.  There is no comparable allegation in the present case.  Defendant's statute of limitations argument is based solely on Plaintiffs' Complaint and necessitates that Counts II, III, and V be dismissed.

**V.     Conclusion**

For the foregoing reasons, this 24th day of May 2012, IT IS HEREBY ORDERED that Defendant's Motions to Dismiss at Doc. No. 5 filed in both 12-cv-00547 and 12-cv-00548 are **GRANTED**. According to the United States Court of Appeals for the Third Circuit, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). However, in this case, amendment would be futile because Plaintiffs' claims are barred by the applicable statute of limitations, and Counts II, III, and V of Plaintiffs' Complaints are **DISMISSED WITH PREJUDICE**.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties